# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISA GUTIERREZ, an individual, DEBBIE LUNA, an individual, on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER, INC., a New Jersey Corporation, BAUSCH HEALTH US, LLC, f/k/a VALEANT PHARMACEUTICALS NORTH AMERICA LLC, a New Jersey Limited Liability Company,<br><br>Defendants. | Case No: 3:19-cv-01345-DMS-AGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND FILE A FIFTH AMENDED COMPLAINT** |

Pending before the Court is Plaintiffs' Motion for Leave to Amend and File a Fifth Amended Complaint. (ECF No. 45.) The matter is fully briefed and submitted. For the following reasons, Plaintiffs' motion is granted.

# I.
# BACKGROUND

This case arises out of Plaintiffs' putative class action against Defendants Johnson & Johnson Consumer, Inc. ("Johnson & Johnson" or "JJCI") and Bausch Health US, LLC's ("Bausch" or "BHUS") sale of Baby Powder and "Shower-to-Shower" products ("Talcum

Products") in California. Defendants allegedly failed to warn Plaintiffs of carcinogenic ingredients in their Talcum Products and engaged in an ongoing decades-long campaign to convince the public, and therefore Plaintiffs and proposed class members, that their products were safe. Plaintiffs allege these efforts constituted affirmative misrepresentations because Defendants knew that Talcum-based products contained hazardous substances like asbestos, asbestiform fibers, lead, silica, and arsenic, and had known since the 1970s.[1] (Plaintiffs' Fourth Amended Complaint ("FoAC"), ECF No. 42, ¶¶ 38-43.) Based on these alleged facts, Plaintiffs filed a Class Action Complaint in the California Superior Court on May 20, 2019 against Defendant Johnson & Johnson. On July 18, 2019, Defendant removed the case to federal court. (ECF No. 1.) Plaintiffs thereafter filed a First Amended Complaint ("FAC"), naming Defendant Bausch as the correct manufacturer of the "Shower-to-Shower" product, a Second Amended Complaint ("SAC") (ECF No. 12), and a Third Amended Complaint ("TAC") (ECF No. 21). On December 13, 2019, Defendants filed Motions to Dismiss Plaintiffs' TAC. (ECF No. 28, 31.) On April 27, 2020, the Court granted Defendants' Motions to Dismiss for failure to state a claim under Rule 12(b)(6), and granted Plaintiffs leave to file a Fourth Amended Complaint ("FoAC"). (ECF No. 41.) Plaintiffs filed the FoAC on June 9, 2020 (ECF No. 44), but thereafter filed the present motion for leave to file a Fifth Amended Complaint ("FiAC"). (ECF No. 45.)

To remedy the deficiencies outlined in the Court's Order dismissing the TAC on April 27, 2020, Plaintiffs filed a FoAC that "specif[ied] deceptive advertising conducted by Defendants where they claimed that their talcum products were pure and safe, when in fact they were not." (Motion for Leave to Amend ("Mot.") at 4.) After meeting and conferring with Defendants, Plaintiffs "recognized that additional facts might be necessary to plead with the specificity required under Rule 9," and thereafter filed the present motion. (*Id.* at 5.) In their proposed FiAC, Plaintiffs added more details about Defendants' alleged

---

[1] A more detailed description of the facts underlying this case is available in the Court's Order Granting Defendants Motions to Dismiss Plaintiff's Third Amended Complaint, hereinafter "Order". *See* ECF No. 41, at 2–4.

deceptive advertising during the class period, including that Defendants marketed baby powder under the slogan "#1 Choice for Hospitals, #1 Choice for Parents," even though "baby powder has long been deemed dangerous by pediatricians," and "such claims for baby powder [were] absolutely false." (Ex. 2 to Mot. at 37–39.) Plaintiffs also alleged that Defendant JJCI made agreements with retail establishments to place their Baby Powder product in the same aisle as other baby products—"a design to give the impression that the Talcum Products are pure and safe." (*Id.*)  Plaintiffs added details about when Plaintiffs relied on these statements, clarified claims against Defendant BHUS, and incorporated these alleged facts into their CLRA claims. (*Id.* at 39, 42, 53–58.)  On June 19, 2020, Plaintiffs filed the present motion to amend. Defendants oppose the motion. For the following reasons, Plaintiffs' motion is granted.

## II.

## DISCUSSION

Under Rule 15(a), a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Otherwise, a party may amend "only by leave of the court or by written consent of the adverse party." *Id.*  Leave to amend under Rule 15(a) "shall be freely given when justice so requires." *Id.*  Therefore, the decision to grant leave to amend is one that rests in the discretion of the trial court. *See International Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).  This discretion must be guided by the strong federal policy of favoring disposition of cases on the merits and permitting amendments with "extreme liberality." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  But leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

When determining whether to grant leave to amend, courts generally consider five factors, known as the *Foman* factors: "undue delay, bad faith or dilatory motive on the part of the movant," undue prejudice to the non-moving party, "futility of amendment," and

"repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (applying *Foman* factors). Each *Foman* factor will be addressed in turn.

A. Undue Delay

Contrary to Defendants' argument, the Court does not find allowing the proposed amendment would cause undue delay. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (internal quotation marks and citations omitted). Although Defendants contend Plaintiffs' repetitive amendments have delayed the proceedings and caused this case to stagnate at the motion to dismiss stage, (Defs' Resp. in Opp. ("Opp'n"), ECF No. 46, at 6), granting leave to amend would not change the procedural posture of this case or require Defendants to repeat any actions they would not have otherwise taken. Plaintiffs have already filed a FoAC and Defendants have not yet responded. Accordingly, allowing Plaintiffs leave to file the FiAC would not prejudice Defendants. Moreover, the Court will need to address any future motion to dismiss—whether it is a motion to dismiss the FoAC or the FiAC. As such, granting leave to amend would not "impose unwarranted burdens on the [C]ourt." *See Davis*, 901 F. Supp. 2d at 1212.

B. Bad Faith or Dilatory Motive

There is no evidence of bad faith or dilatory motive here. Indeed, Defendants do not argue Plaintiffs' motion was filed in bad faith. Rather, Defendants argue Plaintiffs fail to meet the "good cause" standard required by a party seeking to amend the Court's scheduling order. (Opp'n at 4–5.) To that end, Defendants argue the good cause standard is typically not met when, as here, "the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." (*Id.*) (citing *in re Western States*, 715 F.3d at 737). However, Plaintiffs made their request for leave to amend after meeting and conferring with Defendants and pursuant to a joint motion for an

extension of time to file a response or reply, which the Court granted on June 10, 2020. Accordingly, Plaintiff meets the "good cause" requirement.

### C. Prejudice

Next, Defendants contend they would suffer prejudice because the FiAC is "the fifth massive pleading that Defendants will have to analyze and respond to," by preparing another motion to dismiss. (Opp'n at 7.) "[C]onsideration of prejudice to the opposing party … carries the greatest weight" among the *Foman* factors, therefore "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003) (internal citations omitted) (emphasis in original). "The party opposing the amendment bears the burden of showing prejudice." *DCD Programs*, 833 F. 2d at 186–87. Plaintiffs contend there is no prejudice to Defendants because they agreed in a joint motion to allow Plaintiffs time to file the present motion in exchange for an extension of time to file their responsive pleading. (Reply Br. at 6.) The Court agrees with Plaintiffs and finds allowing the proposed amendment would not prejudice Defendants.

### D. Futility

Although the previous three *Foman* factors weigh in favor of allowing leave to amend, a motion for leave to amend may be denied if it appears futile or legally insufficient. *See Gabrielson v. Montgomery Ward & Co.*, 785 F. 2d 762, 766 (9th Cir. 1986); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds rec'd by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A proposed amended complaint is futile if it would be immediately subject to dismissal." *Nordyke v. King*, 644 F.3d 776, 788 n. 12 (9th Cir. 2011) (internal quotation

marks and citation omitted), *aff'd on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012). Accordingly, the proper test to apply when determining the legal sufficiency of a proposed amended complaint is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *See id.* (quoting *Miller*, 845 F.2d at 214) (internal quotation marks omitted).

Defendants contend Plaintiffs' proposed FiAC is futile because it suffers from the same deficits outlined in the Court's Order Dismissing the TAC, and would therefore be subject to immediate dismissal on a Rule 12(b)(6) motion. (Opp'n at 8–9.) Plaintiffs disagree, arguing the proposed changes in the FiAC meet the standards for specificity under Federal Rule of Civil Procedure 9(b). (Reply Br. At 6.) Furthermore, Plaintiffs contend Defendants' arguments are better suited for analysis on a fully briefed motion to dismiss. (*Id.*)

As noted above, the other three *Foman* factors weigh in favor of granting leave to amend at this time, and Defendants have not yet filed a motion to dismiss the FoAC. Although Defendants set forth reasoned arguments about the futility of Plaintiffs' amended claims, the analysis of whether Plaintiffs' FiAC is futile is better suited for disposition on a future motion to dismiss. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (noting that amendment should be permitted "unless it will not save the complaint or the plaintiff is merely seeking to prolong the litigation by adding new but baseless legal theories"). Accordingly, the Court "defers consideration of the merits" until after Plaintiffs file the FiAC. *See Gibbs v. San Diego Child Support Servs.*, No. 14-CV-2541 DMS (BLM), 2017 WL 1321372, at *2 (S.D. Cal. Apr. 10, 2017) (declining to deny motion for leave to amend on futility grounds when the other *Foman* factors weighed in favor of granting leave to amend).

E.  Previous Amendments

Finally, the last factor of analysis—"whether plaintiff has previously amended his complaint"—weighs against Plaintiffs at this time. *See in re Western States*, 715 F. 3d at

738–39.  "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013) (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F. 3d 351, 355 (9th Cir. 1996)).  Here, Plaintiffs have amended their complaint four times, and the Court has granted leave to amend twice.  Although the Court has "wide discretion in granting or refusing leave to amend after the first amendment," the Court declines to deny this motion on those grounds.  *See Rich v. Shrader*, 823 F. 3d 1205, 1209 (9th Cir. 2016) (internal quotations marks and citations omitted).  Instead, the Court is "guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities."  *See Roth*, 942 F.2d at 628 (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Plaintiffs' motion is granted.

**IT IS SO ORDERED**.

Dated:  August 20, 2020

Hon. Dana M. Sabraw
United States District Judge

7

3:19-cv-01345-DMS-AGS